UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM GAHRMANN, on behalf of
himself and those similarly
situated.,

       Plaintiff,

v.                           Case No:  2:25-cv-651-JES-NPM

THOMPSONGAS, LLC,

       Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Proposed Notice Procedures (Doc. #34) filed on April 8, 2026.  The parties have agreed to conditional certification and court authorized notice in this Fair Labor Standards Act (FLSA) case, and for the stay of the case.

On July 22, 2025, plaintiff Adam Gahramann filed the Collective Action Complaint (Doc. #1) alleging that defendant failed to pay plaintiff and other similarly situated employees for time spent completing pre- and post-trip inspections of their vehicles, and for company required safety training completed off-the-clock.  (Id. at ¶ 2.)  Defendant employed plaintiff as a service technician from around January 2024 through April 2025. (Doc. #20 at ¶ 3.)

An action to recover for a violation of the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "[A] putative plaintiff must affirmatively opt into a § 216(b) action by filing his written consent with the court in order to be considered a class member and be bound by the outcome of the action. § 216(b)."  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001) (citations omitted).  At the 'notice stage,' the Court decides if notice of the pending action should be "given to potential class who could be similarly situated."  Mickles on behalf of herself v. Country Club Inc., 887 F.3d 1270, 1276 (11th Cir. 2018) (citing Hipp at 1218).  Plaintiffs need only show their position are similar, not identical, and "using a fairly lenient standard," this "typically results in 'conditional certification' of a representative class."  Hipp at 1218.  "

The parties agree that the class of individuals to be certified may be defined as follows:

> All Service Technicians who worked for ThompsonGas in the State of Florida at any time in the three (3) years preceding the filing of the Complaint who worked over forty (40) hours in any workweek and were not paid for time spent performing pre- and post-trip vehicle inspections or company-required safety trainings, and thus were not paid all overtime wages.

- 2 -

(Doc. #34 at ¶ 6.)  The parties stipulate that the defined class is comprised of similarly situated employees for purposes of conditional certification.  The parties also stipulated to the terms of the attached the Notice of Lawsuit and Opt-In Consent Form.

The language in the proposed Notice of Your Right to Join Case Seeking to Recover Overtime Wages for Thompsongas, LLC Service Technicians (Doc. #34-1) and the Consent to Join Collective Action (Doc. #34-2) is acceptable.  The parties have agreed to participate in mediation after the close of the opt-in period and to do so by videoconference as counsel for Defendant is in Jacksonville and Virginia.

Accordingly, it is hereby

**ORDERED:**

1. The Parties' Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Proposed Notice Procedures (Doc. #34) is **GRANTED.**

2. Within **FOURTEEN (14) DAYS** of the date of this Order, Defendant shall serve on Plaintiff's counsel, in native Excel electronic format, a list of potential class members including their names, last known mailing address, and personal email addresses on file for each individual.

3. Within **FOURTEEN (14) DAYS** from the date of service by Defendant of the above list, Plaintiff's counsel shall

- 3 -

cause to be mailed and emailed, at their expense, the Notice and Opt-In Consent Form to each individual. Plaintiffs will simultaneously send a single copy of the Notice and Opt-In Consent Form to each individual via both regular mail and email. Plaintiff's counsel shall provide to Defendant's counsel a copy of the proposed email for Defendant's approval prior to emailing any of the individuals. Defendant shall not unreasonably withhold the approval. Plaintiff shall file a certificate of compliance with the Court indicating the date on which the Notice and Opt-In Consent Forms were sent by regular mail and email to the affected individuals.

4. Plaintiff shall not send more than one (1) mailing and one (1) email to each putative class member. After sending the Notice, if Plaintiff's counsel should receive any returned as "undeliverable," whether by mail or email, Plaintiff's counsel will notify Defendant's counsel. Within seven (7) days of receiving the notice, Defendant's counsel shall provide the last 4 digits of the individual's Social Security number. Plaintiff's counsel will use this information, and only this information, to attempt to verify the correct contact information for the individual for the purpose of sending the Notice to the correct location.

5. Individuals receiving notice shall have **SIXTY (60) DAYS** from the date of mailing to return a signed copy of the Opt-In Consent Form to Plaintiff's Counsel for filing.  All Opt-In Consents that are received by mail must be postmarked or submitted electronically within **SIXTY (60) DAYS** from the date of mailing, **marking the close of the opt-in period.**  Verifiable electronic signatures (DocuSign, for example) are acceptable.

6. Plaintiff's counsel will electronically file all returned Opt-In Consent Forms as they arrive, or no later than on a weekly basis.

7. The parties shall participate in a mediation conference within **SIXTY (60) DAYS** following the close of the opt-in period and may do so by videoconference with the cost of mediation to be divided equally between Defendant and Plaintiff, unless otherwise agreed.  By no later than the close of the opt-in period, the parties shall file a Notice of Mediation notifying the Court of the mediation date, mediator selected, and the method of mediation.

8. Within **FIVE (5) BUSINESS DAYS** following mediation, the parties shall file a joint status report notifying the Court of the results of said mediation.  If the parties reach an impasse, the parties shall file a proposed case

- 5 -

management report within **THIRTY (30) DAYS** of notifying the Court of the impasse.

9. Discovery remains **stayed** pending further Order except that Plaintiff may issue a subpoena to Fleetio, a third-party software provider used by Defendant to obtain records related to the pre-and post-trip vehicle inspection records; Time-stamped inspection data; User activity logs; and Audit trails or metadata associated with inspection entries.

**DONE and ORDERED** at Fort Myers, Florida, this ___20th___ day of April 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 6 -